En el Tribunal Supremo de Puerto Rico

| In re: | Queja |
| Jorge L. Pérez Abreu | 99 TSPR 146 |

Número del Caso: AB-1999-8

Oficina del Procurador General:    Lcda. Iris M. Barreto Saavedra
                                   Procuradora General Auxiliar

Abogado de la Parte Querellada:    Por Derecho Propio

Fecha: 10/4/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge L. Pérez Abreu

AB-99-8

PER CURIAM

San Juan, Puerto Rico, a 4 de octubre de 1999

El 24 de marzo de 1999, le referimos al Procurador General de Puerto Rico, con el propósito de que dicho funcionario realizara la correspondiente investigación, e informe a este Tribunal, una comunicación de la Hon. Edna Abruña Rodríguez, Juez Administradora Regional del Tribunal de Primera Instancia de Arecibo, relativa la misma a la conducta observada por el Lcdo. Jorge L. Pérez Abreu con una de las funcionarias de dicho tribunal, a saber, la Lcda. Sandra González Maldonado, quien labora como examinadora de pensiones alimentarias.

El Procurador General ha rendido su informe. Del mismo surge, en síntesis y en lo pertinente,

que el mencionado abogado, <u>en dos ocasiones distintas</u>, irrumpió en la oficina de la Lcda. González Maldonado, <u>en forma descontrolada y hablando en voz alta y estrepitosa</u>, recriminando a dicha funcionaria por alegadamente ésta actuar en forma prejuiciada contra sus clientes, llegando, incluso, a expresarle que le iba "a arrancar la cabeza".

Nos informa el Procurador General que, en su comparecencia, el Lcdo. Pérez Abreu, luego de aceptar haber actuado incorrectamente, por lo cual pide excusas, sostiene que la conducta que observara se debió a que había dejado de tomar un medicamento que le había sido recetado por un facultativo médico para una "crisis de ansiedad" que había tenido. Atendido el referido informe, le concedimos término al Lcdo. Pérez Abreu para que se expresara sobre el mismo. En su comparecencia ante el Tribunal, básicamente reitera lo expresado por él ante el Procurador General; añade que ha corregido la situación y nos asegura que no ocurrirá un incidente similar en el futuro.


I

El Canon 9 de los de Etica Profesional le impone al abogado el deber de "...observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden de la administración de la justicia en los tribunales."

Los examinadores de pensiones alimentarias que laboran día a día en los tribunales, aun cuando no son jueces, tienen facultad para, luego de recibir la prueba que a bien tengan someter las partes, hacer determinaciones de hechos, conclusiones de derecho, y rendir un informe al juez con sus recomendaciones al respecto. La función que llevan a cabo estos funcionarios resulta ser indispensable para la buena administración de la justicia en un área tan importante como lo es el de sustento de menores. Es por ello que, aun cuando no desempeñan una labor judicial propiamente, estos funcionarios merecen igual respeto y deferencia que los jueces de parte de los abogados. Resolvemos, en consecuencia, que infringe el Canon 9 de los de Etica Profesional aquel abogado que observe una conducta irrespetuosa contra los examinadores de pensiones alimentarias.

Conviene recordar que sin moderación en el lenguaje y temperamento, los abogados, fiscales y jueces <u>no</u> podemos funcionar. La grosería, gritería, las imputaciones infundadas y las alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud, <u>no</u> tienen cabida en la administración de la justicia. <u>In re: Alfredo Cardona Alvarez</u>, 116 D.P.R. 895 (1986); <u>In re: Vidalia Rivera García</u>, res. el 19 de marzo de 1999, 99 TSPR 40.

## II

Atendidos los hechos del presente caso, el arrepentimiento, excusas brindadas, y propósito de enmienda del Lcdo. Jorge Pérez Abreu, limitamos la sanción, en esta ocasión, a una <u>enérgica censura</u>. Advertimos al Lcdo. Pérez Abreu que no estamos en disposición de tolerar futuras trasgresiones de esta naturaleza, apercibiéndole que, de ello ocurrir nuevamente, la sanción disciplinaria conllevará la suspensión del ejercicio de la abogacía.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

**Jorge L. Pérez Abreu** **AB-99-8**

SENTENCIA

San Juan, Puerto Rico, a 4 de octubre de 1999

**Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia limitando la sanción a imponer al Lcdo. Jorge L. Pérez Abreu a una enérgica censura; advirtiendo a éste de que no estamos en disposición de tolerar futuras trasgresiones de esta naturaleza, apercibiéndole que, de ello ocurrir nuevamente, la sanción disciplinaria conllevará la suspensión del ejercicio de la abogacía.**

**Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señora Naveira de Rodón y señor Fuster Berlingeri no intervinieron.**

**Isabel Llompart Zeno**
**Secretaria del Tribunal Supremo**