AB-2001-184                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Carlos G. Barreto Ríos | Queja<br><br>2002 TSPR 89<br><br>157 DPR _____ |

Número del Caso: AB-2001-184


Fecha: 28/junio/2002


Abogado de la Parte Querellada:
                              Lcdo. Enrique Ocasio López



Materia: Conducta Profesional




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

   Carlos G. Barreto Ríos


                              AB-2001-184        Conducta
                                                 Profesional


                              PER CURIAM


   San Juan, Puerto Rico, a 28 de junio de 2002

   El 10 de agosto de 2001 la Sra. Elfrida González Rodríguez, supervisora en la célula de relaciones de familia de la Secretaría del Tribunal de Primera Instancia de Ponce, presentó una querella ante la Secretaria General del Tribunal Supremo contra el licenciado Carlos G. Barreto Ríos. En síntesis alega que el licenciado Barreto entró a la Secretaría de Relaciones de Familia sin autorización, fuera de horas laborables y, con una actitud ofensiva hacia la querellante, insistió le dejaran presentar unos documentos porque los términos vencían ese mismo día.

Conforme la Regla 14(c) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, R. 14(c), el 29 de agosto de 2001, la Secretaria General de este Tribunal notificó al Lcdo. Barreto Ríos de la queja presentada en su contra. Requirió que compareciera dentro del término de diez (10) días con comentarios escritos sobre la misma y que notificara dichos comentarios a la Sra. González Rodríguez dentro del término, para luego proceder a enviarla a la Oficina del Procurador General. Después de una prórroga, el 1ro. de octubre de 2001, el Lcdo. Barreto Ríos compareció ante este Tribunal invocando su derecho a no incriminarse porque a raíz de los mismos hechos se había presentado una denuncia en su contra por el delito de Alteración a la Paz, Art. 260 del Código Penal, 33 L.P.R.A. §4521.

Mediante resolución de 13 de noviembre de 2001, este Tribunal ordenó al Lcdo. Carlos G. Barreto Ríos a informar el estado procesal del caso de Alteración a la Paz ante el Tribunal de Primera Instancia, Sala de Ponce. Debido a la inacción del abogado querellado y de su representación legal, Lcdo. Enrique Ocasio López, el 1 de febrero de 2002 se notificó una segunda resolución concediendo a ambos quince (15) días para informar sobre el estado procesal del caso penal, apercibiéndoles que el incumplimiento con dicha resolución podría conllevar sanciones disciplinarias severas. El 21 de febrero compareció el abogado querellado y nos informó sobre el caso penal; la vista en su fondo se había señalado y pospuesto varias veces. Según la última información que recibimos de la parte querellada, el caso se trasladó al Tribunal de Primera Instancia, Sala Superior de Guayama.

Posteriormente, la parte querellante presentó la resolución emitida por el Tribunal de Primera Instancia el 2 de abril de 2002. Según ésta, durante la vista en sus méritos la defensa alegó que la denuncia, según redactada, no imputaba delito. El Tribunal desestimó los cargos bajo este fundamento, conforme a la Regla 64 (a) de Procedimiento Penal, 34 L.P.R.A. Ap. II R.64. En síntesis, concluyó que el abogado aquí querellado utilizó lenguaje poco apropiado para la situación y que la Sra. González Rodríguez quedó alterada por sus expresiones. Según el foro de primera instancia,

tales actuaciones no configuran el delito de alteración a la paz, porque el abogado querellado opinó sobre la generalidad de los empleados en la Secretaría del Tribunal, sin que tales expresiones fueran una incitación a una pelea o una provocación de violencia dirigidas a la persona alterada.

Según la resolución del tribunal sentenciador, el Lcdo. Barreto Ríos expresó lo siguiente: "que no tenía que ir a ningún sitio, qué sacaba con ir donde el Juez Administrador, que ustedes los empleados de la Secretaría de un tiempo para acá, mejor dicho de unos días para acá, están con una dejadez, arrastrando las nalgas, culipandeándose por la Secretaría y güeveando, que se nota que están trabajando disgustados".

Independientemente del ánimo con el cual éste haya proferido sus comentarios y de cualesquiera otros detalles que puedan agravar o mitigar la situación ante nos, adelantamos que tal conducta no es apropiada para un abogado, especialmente ante funcionarios de la Rama Judicial mientras prestan sus servicios.  Veamos.

## I.

Reiteradamente hemos resuelto, en el contexto de querellas contra jueces y abogados, que "la absolución del querellado en la causa penal no impide que por los mismos hechos se juzgue su conducta a los fines de determinar si incurrió en alguna falta ética". In re: Soto López, 135 D.P.R. 642 (1994);  In re: Calzada Llanos, 124 D.P.R. 411, 425 (1989); In re: Rodríguez Caraballo, 106 D.P.R. 792, 799 (1978); In re: De Castro, 100 D.P.R. 184 (1971).  Esta conocida norma responde al hecho de que el procedimiento disciplinario no va dirigido a castigar al querellado por la falta cometida, "sino a proteger a la comunidad y a la profesión mediante una investigación de sus condiciones morales para determinar si puede continuar en la práctica [profesional]", In re: Liceaga, 82 D.P.R. 252, 255 (1961). Por ello, hemos resuelto que es innecesario probar los hechos de igual manera como si se tratase de un caso criminal, porque el procedimiento disciplinario se rige por criterios distintos, y éste no está supeditado a aquél.  In re: Soto López, *supra*, a la pág. 646.

En particular, con respecto a lo que aquí nos concierne, unos hechos pueden no ser punibles desde la perspectiva penal, por faltar un elemento del delito, y aun así ser sancionables disciplinariamente, por la importancia que tiene para la profesión legal evitar la apariencia o impresión pública de que ha mediado la violación efectiva de alguno de los Cánones de Ética Profesional. In re: Sepúlveda Girón, res. el 24 de octubre de 2001, 2001 TSPR 153. Una conducta puede no ser ilícita penalmente y a la vez ser contraria a la ética profesional. Véase, In re: Silvagnoli Collazo, res el 19 de julio de 2001, 2001 TSPR 106.

Por ello es innecesario que un abogado querellado incurra en conducta constitutiva del delito de Alteración de la Paz, para poder concluir que incumplió con su deber de observar una conducta respetuosa ante los tribunales y con su deber de preservar el honor y dignidad de la profesión. Cánones 9 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9, C.38.

## II.

El Canon 9 de los de Ética Profesional le impone al abogado el deber de "... observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden de la administración de la justicia en los tribunales." Anteriormente hemos expresado que sin moderación en el lenguaje y temperamento, los abogados, fiscales y jueces no podemos funcionar. La grosería, gritería, las imputaciones infundadas y las alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud, no tienen cabida en la administración de la justicia. In re: Cardona Álvarez, 116 D.P.R. 895 (1986). Véase, además, In re: Rivera García, res. el 19 de marzo de 1999, 99 TSPR 40; In re: Pérez Abreu, res. el 4 octubre de 1999, 99 TSPR 146.

Todas las personas involucradas en el proceso judicial —jueces, litigantes, testigos y oficiales del tribunal— tienen un deber de cortesía con los demás participantes. La necesidad de que haya civilidad en el marco inherentemente contencioso del proceso adversativo, sugiere que los

miembros de la clase togada hagan sus críticas al sistema en un tono profesional y cortés.  In re: Cardona Álvarez, supra, en la pág. 905.

La función que llevan a cabo los funcionarios de las Secretarías en las distintas Salas de los Tribunales de Primera Instancia, resulta ser indispensable para la buena administración de la justicia.  Es por ello que, aún cuando no desempeñan una labor judicial, entendemos que el personal de la Secretaría General de los Tribunales merece igual respeto que los otros funcionarios de la Rama Judicial.  Resolvemos, en consecuencia, que infringe el Canon 9 de los de Ética Profesional, supra, aquel abogado que observe una conducta irrespetuosa y poco profesional contra los empleados de la Rama Judicial, en asuntos relativos a la administración de la Justicia, como lo ha hecho el Lcdo. Barreto Ríos al exigir que los empleados de la Secretaría reciban un documento después de las cinco (5) de la tarde y ante la negativa de aquellos, imputarles que hacen su trabajo inadecuadamente, con dejadez.

### III.

Respecto al deber de exaltar el honor y la dignidad de la profesión y de evitar la apariencia de conducta impropia, el Canon 38 de Ética Profesional, supra, establece que:

> "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia."

Al interpretar este canon hemos sostenido que "[c]ada abogado es un espejo en que se refleja la imagen de la profesión... que se debe representar con limpieza, lealtad, y el más escrupuloso sentido de responsabilidad."  In re: Ortiz Brunet, res. el 22 de noviembre de 2000, 2000 TSPR 170, citando a In re: Coll Pujols, 102 D.P.R. 313, 319 (1974).

Reiteradamente, hemos manifestado que el abogado ha de desempeñarse con dignidad y alto sentido del honor, aunque ello conlleve ciertos sacrificios personales.  In re: Colón Ramery, 133 D.P.R. 555, 562 (1993). Este Tribunal también ha sido enfático en que todo abogado debe conducirse

en forma digna y honorable, tanto en la vida privada como en el desempeño de su profesión. In re: Pérez Abreu, supra; In re: Silvagnoli Collazo, supra.

En el presente caso no está en controversia la veracidad de las expresiones imputadas al abogado querellado por la señora González Rodríguez. La opinión personal del Lcdo. Barreto en sí no constituye conducta antiética. Sin embargo, la excesiva y grosera manifestación de tal opinión no es conducta digna de un abogado. No hay razón para insultar al personal de la Secretaría del Tribunal de Primera Instancia, diciendo: **"están con una dejadez, arrastrando las nalgas, culipandeándose por la Secretaría y güeveando"**. Ante tal situación la actitud adecuada para un abogado de experiencia y educación sería utilizar los mecanismos que provee el mismo Tribunal de Primera Instancia para ventilar quejas relativas a la administración de los tribunales.

Lo expresado plasma el quebranto inexcusable por el querellado de lo que debe ser conducta profesional apropiada. Ante esta situación de conflicto mínimo, el licenciado querellado reaccionó de manera indigna y poco honorable, al perder la paciencia y utilizar leguaje grosero, demostrando así un craso incumplimiento con la responsabilidad que impone el Canon 38, *supra*, de enaltecer la imagen de la profesión togada.

### IV.

Atendidos los hechos del presente caso y el inmaculado historial profesional previo del licenciado Carlos G. Barreto Ríos, limitamos la sanción en esta ocasión a una enérgica censura. Advertimos al licenciado Barreto Ríos que cualquier futura transgresión a las normas mínimas de conducta que imponen los citados cánones, la sanción disciplinaria será mucho más severa.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos G. Barreto Ríos

AB-2001-184        Conducta
                   Profesional

SENTENCIA

San Juan, Puerto Rico, a 28 de junio de 2002

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia limitando la sanción a imponer al Lcdo. Carlos G. Barreto Ríos a una enérgica censura; advirtiendo a éste que cualquier futura transgresión a las normas mínimas de conducta que imponen los citados cánones, la sanción disciplinaria será mucho más severa.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria Tribunal Supremo