EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: José Rodríguez Rivera | 2007 TSPR 97 171 DPR _____ |
|---|---|

Número del Caso: AB-2005-125

Fecha: 30 de abril de 2007

Abogado de la Parte Querellada:

Lcdo. Luis F. Camacho

Oficina del Procurador General:

Lcda. Edna Evelyn Rodríguez Benítez
Procuradora General Auxiliar

Materia: .Conducta Profesional
(La suspensión del abogado advino final y firme el día
24 de mayo de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José Rodríguez Rivera                    AB-2005-125

PER CURIAM

San Juan, Puerto Rico, a 30 de abril de 2007

Mediante carta de 31 de mayo de 2005, la Sra. Marisol Rosado Rodríguez --quien, a esa fecha, ocupaba el puesto de Secretaria del Tribunal I en el Centro Judicial de Guayama, Puerto Rico, asignada al área de control y notificaciones criminales de la Secretaría de dicho Centro Judicial-- presentó una queja, debidamente juramentada, contra el Lcdo. José Rodríguez Rivera.

En dicha queja, relató la Sra. Rosado Rodríguez, en síntesis y en lo pertinente, que: encontrándose en dicha Secretaría, sostuvo una conversación telefónica con el Lcdo. Rodríguez Rivera respecto a un señalamiento de una vista, hecha por uno de los magistrados de dicho Centro

Judicial; que fue informada por el referido abogado que le era imposible asistir al mismo; y que, habiéndole ella expresado al referido abogado que lo único que ella podía hacer al respecto era hacer una anotación en el expediente, haciendo constar su llamada, <u>ocurrió el siguiente intercambio verbal entre ella y el abogado</u>:

<u>Lcdo. Rodríguez Rivera</u>:

Ah, Solimar o Marisol. ¿Cuál es más bonito? Solimar, Marisol, Solimar, Marisol. ¿Por qué no te pusieron Solimar?

<u>Sra. Rosado Rodríguez</u>:

Bueno, porque papá Dios no quiso.

<u>Lcdo. Rodríguez Rivera</u>:

Tú sabes que Solimar es más bonito.

<u>Sra. Rosado Rodríguez</u>:

Nooo.

<u>Lcdo. Rodríguez Rivera</u>:

Sí, <u>porque primero te calientas y después te mojas</u>.

Recibida la queja juramentada, la Secretaria de este Tribunal le remitió copia de la misma al Lcdo. Rodríguez Rivera, mediante carta de 23 de junio de 2005. Dicho abogado compareció mediante moción fechada 6 de julio de 2005. Un examen, y análisis, de dicha comparecencia revela que éste, en primer lugar, admitió la veracidad de lo informado por la Sra. Rosado Rodríguez, esto es, aceptó el contenido de la misma. Argumentó en su defensa, en síntesis y en lo pertinente, que: "luego de haber concluido lo concerniente a la llamada y haber tenido una percepción de amabilidad

profesional de parte de la Sra. Marisol, vino a mi mente una desemejanza que había escuchado por radio en la que el locutor preguntaba a su audiencia sobre la diferencia entre los nombres Marisol y Solimar"; que la conversación ocurrida en su criterio fue una "inconsecuente", razón por la cual no guarda detalles exactos de lo ocurrido"; que jamás "estuvo en [su] ánimo faltarle el respeto a la dama que hoy se queja de [él], aunque puedo aceptar que fue un desacierto, no haber analizado las desemejanzas, dadas las diferentes interpretaciones que pudieran tener" y que, hasta "ahí considera que llegó [su] falta"; y, por último, y que no tiene ningún reparo en "pedirle honestas y encarecidas disculpas [a la Sra. Marisol Rosado Rodríguez], dejando claro que nunca estuvo en [su] mente la apreciación e interpretación que ella pudo dar a lo que se dijo".

En atención a la comparecencia del Lcdo. Rodríguez Rivera, le concedimos término a la Sra. Rosado Rodríguez para que expresara lo que a bien tuviera sobre dicha comparecencia. El 6 de diciembre de 2005, la mencionada dama compareció informando que se reiteraba en la queja por ella presentada en vista de que, a su juicio: las expresiones del abogado "carecen de profesionalismo y no pueden ser permitidas en un área de trabajo como la nuestra" y que durante los largos años de servicio en la Rama Judicial, "jamás había escuchado unas palabras de tan pobre y obsceno contenido, que laceran la dignidad de cualquier dama, ...".

Referimos el asunto a la atención de la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe al Tribunal. El 29 de agosto de 2006, el Procurador rindió su informe. En el mismo, dicho funcionario concluye que la conducta en que incurrió el Lcdo. Rodríguez Rivera pudo haber infringido y violentado las disposiciones de los Cánones 9 y 38 del Código de Ética Profesional.

El 7 de septiembre de 2006, le concedimos término al Lcdo. Rodríguez Rivera para que se expresara sobre el informe presentado por el Procurador General. Dicho abogado ha comparecido, esta vez representado por abogado. En su comparecencia, el Lcdo. Rodríguez Rivera amplía sus expresiones anteriores. Reitera sus excusas.

Considerado el hecho que las expresiones que se imputan al Lcdo. Rodríguez Rivera no están en controversia y que éste ha expresado, una y otra vez, que no fue su intención ofender a la Sra. Rosado Rodríguez[1], damos el asunto por sometido y resolvemos, sin ulterior trámite, al amparo de

---

[1] En vista de lo expresado, realmente resulta innecesario --y una pérdida de tiempo y de recursos-- ordenar la radicación de una querella, por violación a los Cánones 9 y 38 de Ética Profesional, y dilucidar el asunto ante un Comisionado Especial.

Repetimos, las manifestaciones que se le imputan al Lcdo. Rodríguez Rivera no están en controversia. En cuanto al Lcdo. Rodríguez Rivera --más allá de repetir que no tuvo intención alguna de ofender a la Sra. Rosado Rodríguez-- es muy poco, si algo más, lo que puede aducir dicho abogado. Es correcto que podría éste presentar prueba de buena reputación. Ello resulta innecesario ya que el Procurador General, en su informe, acepta que éste goza de buena reputación.

las disposiciones de la Regla 50 de nuestro Reglamento y del poder inherente que tenemos de reglamentar la profesión de abogado en nuestra jurisdicción.

I

El Canon 9 del Código de Ética Profesional preceptúa, en lo pertinente, que el "...abogado deberá observar para con los tribunales una conducta que se caracterice por el mayor respeto...". Por otro lado, el Canon 38 del referido Código, en lo pertinente, les exige a los abogados "esforzarse al máximo de su capacidad, en la exaltación del honor y la dignidad de su profesión..." y que por "...razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable."

Estos sabios, correctos, necesarios e imperiosos requerimientos --con los cuales todos los abogados en nuestra jurisdicción vienen en la obligación de cumplir-- no pueden co-existir con el lenguaje soez, las insinuaciones malsanas, la falta de respeto y las groserías, sobre todo cuando las mismas son expresadas en un tribunal o contra los funcionarios que laboran en el mismo. Debe quedar claro que no se trata de que los Cánones de Ética Profesional constituyan una fuente de censura ya que los abogados, como cualquier otro ciudadano, tienen el derecho constitucional a expresarse. Pero, ningún derecho es absoluto. Hay un límite

de lo que un abogado puede legítimamente expresar. Ciertamente el comentario soez o grosero y la falta de respeto <u>no</u> tienen cabida en la administración de la justicia en nuestra jurisdicción.

No se conduce en forma digna y honorable, como tampoco actúa con el mayor respeto ni exalta el honor y la dignidad de su profesión, el abogado que así actúa y se expresa, situación que <u>no</u> estamos en disposición de tolerar.

En *In re Barreto Ríos*, 157 D.P.R. 352 (2002), este Tribunal resolvió que el abogado allí querellado --al conducirse de <u>manera irrespetuosa y poco profesional</u> hacia el <u>personal de la Secretaría</u> del Tribunal de Primera Instancia-- violó las disposiciones de los Cánones 9 y 38 de los de Ética Profesional. Al así resolver, expresamos, en lo pertinente, que:

> La función que llevan a cabo los <u>funcionarios de las Secretarías</u> en las distintas Salas de los Tribunales de Primera Instancia, resulta ser <u>indispensable</u> para la buena administración de la justicia. Es por ello que, aun cuando no desempeñan una labor judicial, <u>entendemos que el personal de la Secretaría General de los Tribunales merece igual respeto que los otros funcionarios de la Rama Judicial</u>. (Énfasis suplido.)

Igual conclusión y determinación se impone en el presente caso. <u>Coincidimos</u> con el Procurador General en que:

> "Aunque en su contestación el abogado [Rodríguez Rivera] manifestó arrepentimiento por su comentario, no se nos escapa el hecho de que, de manera soslayada, pretende hacernos creer que la <u>grosera interpretación</u> a lo que llama inconsecuente e inocente comentario estuvo en la mente de la señora Rosado Rodríguez y no en la suya.

> Diferimos. El comentario del abogado, dicho a destiempo y a una persona que se había comunicado con él para fines oficiales del tribunal y a quien no le unen íntimos lazos de amistad y camaradería, tenía y tiene un solo significado y contestación. La señora Rosado Rodríguez lo entendió tal como había que entenderlo. Y como tal, se sintió ofendida y molesta." (Énfasis suplido.)

En vista de lo antes expresado, determinamos que el Lcdo. José Rodríguez Rivera violó las disposiciones de los Cánones 9 y 38 de los de Ética Profesional. Teniendo en cuenta su historial profesional --el cual el Procurador General cataloga de "inmaculado"-- consideramos procedente decretar la suspensión inmediata del referido abogado del ejercicio de la abogacía y de la notaría en nuestra jurisdicción por el término de tres (3) meses.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José Rodríguez Rivera                    AB-2005-125

SENTENCIA

San Juan, Puerto Rico, a 30 de abril de 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión inmediata de José Rodríguez Rivera del ejercicio de la abogacía y de la notaría en nuestra jurisdicción por el término de tres (3) meses.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de José Rodríguez Rivera, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo