per curiam:
Mediante carta de 31 de mayo de 2005, la Sra. Marisol Rosado Rodríguez —quien a esa fecha ocupaba el puesto de Secretaria del Tribunal I en el Centro Judicial de Guayama, Puerto Rico, asignada al área de control y notificaciones criminales de la Secretaría de dicho Centro Judicial— presentó una queja, debidamente juramentada, contra el Ledo. José Rodríguez Rivera.
En dicha queja, la señora Rosado Rodríguez, en síntesis y en lo pertinente, relató que: (1) en dicha Secretaría sostuvo una conversación telefónica con el licenciado Rodríguez Rivera respecto a un señalamiento de vista hecho por uno de los magistrados de dicho Centro Judicial; (2) fue informada por el referido abogado de que le era imposible asistir a éste, y (3) habiéndole ella expresado al referido *865 abogado que lo único que ella podía hacer al respecto era una anotación en el expediente que hiciera constar su llamada, ocurrió el intercambio verbal siguiente entre ella y el abogado:

Ledo. Rodríguez [Rivera]:

A[h], Solimar o Marisol. ¿Cuál es más bonito? Solimar, Marisol, Solimar, Marisol. ¿Por qué no te pusieron Solimar?
[Sra.] Marisol [Rosado Rodríguez]:
Bueno, porque papá Dios no quiso.

Ledo. Rodríguez [Rivera]:

Tú, sabes que Solimar es más bonito.
[Sra.] Marisol [Rosado Rodríguez]:
Noooü!

Ledo. Rodríguez [Rivera]:

Sí, porque primero te calientas y después te mojas.
(Énfasis suplido.) Querella, pág. 2.
Recibida la queja juramentada, la Secretaria de este Tribunal le remitió una copia al licenciado Rodríguez Rivera, mediante carta de 23 de junio de 2005. Dicho abogado compareció mediante moción fechada el 6 de julio de 2005. Un examen y análisis de dicha comparecencia revela que éste, en primer lugar, admitió la veracidad de lo informado por la señora Rosado Rodríguez; es decir, que aceptó su contenido. Argumentó en su defensa, en síntesis y en lo pertinente, que: “luego de haber concluido lo concerniente a la llamada y haber tenido una percepción de amabilidad profesional de parte de la Sra. Marisol, vino a mi mente una desemejanza que había escuchado por radio en la que el locutor preguntaba a su audiencia sobre la diferencia entre los nombres Marisol y Solimar”; que la conversación ocurrida en su criterio fue una “inconsecuente”, razón por la cual “no guard [a] detalles exactos de lo ocurrido”; que jamás “estuvo en [su] ánimo faltarle el respeto a la dama que hoy se queja de [él], aunque puedo aceptar que fue un desacierto no haber analizado las desemejanzas, dadas las diferentes interpretaciones que pudiesen tener”, de manera que hasta “ahí consider [a] que llegó [su] falta”, y por último, que no tiene ningún reparo en “pedirle honestas y *866 encarecidas disculpas [a la Sra. Marisol Rosado Rodríguez], dejando claro que nunca estuvo en [su] mente la apreciación e interpretación que ella pudo dar a lo que se dijo”. Carta de 6 de julio de 2005, págs. 1-2.
En atención a la comparecencia del licenciado Rodríguez Rivera, le concedimos un término a la señora Rosado Rodríguez para que expresara lo que a bien tuviera sobre dicha comparecencia. El 6 de diciembre de 2005, la mencionada dama compareció para informar que se reiteraba en la queja por ella presentada en vista de que, a su juicio, las expresiones del abogado “carecen de profesionalismo y no pueden ser permitidas en un área de trabajo como la nuestra” y que durante los largos años de servicio en la Rama Judicial, “jamá[s] había escuchado unas palabras de tan pobre y obsceno contenido, que laceran la dignidad de cualquier dama”. Carta de 6 de diciembre de 2005.
Referimos el asunto a la atención de la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe al Tribunal. El 29 de agosto de 2006, el Procurador rindió su informe. En éste, concluye que la conducta en que incurrió el licenciado Rodríguez Rivera pudo haber infringido y violado las disposiciones de los Cánones 9 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
El 7 de septiembre de 2006 le concedimos un término al licenciado Rodríguez Rivera para que se expresara sobre el informe presentado por el Procurador General. Dicho abogado ha comparecido, esta vez representado por abogado. En su comparecencia, el licenciado Rodríguez Rivera amplió sus expresiones anteriores; además, reiteró sus excusas.
Considerado el hecho de que las expresiones que se imputan al licenciado Rodríguez Rivera no están en controversia y que éste ha expresado, una y otra vez, que no fue *867 su intención ofender a la señora Rosado Rodríguez,(1) damos el asunto por sometido y resolvemos, sin ulterior trámite, al amparo de las disposiciones de la Regla 50 de nuestro Reglamento, 4 L.RR.A. Ap. XXI-A, y del poder inherente que tenemos de reglamentar la profesión de abogado en nuestra jurisdicción.
I
El Canon 9 del Código de Ética Profesional, supra, preceptúa, en lo pertinente, que el “abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto”. Por otro lado, el Canon 38 del referido Código, supra, en lo pertinente, les exige a los abogados “esforzarse al máximo de su capacidad, en la exaltación del honor y la dignidad de su profesión” y que por “razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable”.
Estos sabios, correctos, necesarios e imperiosos requerimientos —los cuales todos los abogados en nuestra jurisdicción tienen que cumplir— no pueden coexistir con el lenguaje soez, las insinuaciones malsanas, la falta de respeto y las groserías, sobre todo cuando son expresadas en un tribunal o contra los funcionarios que laboran en él. Debe quedar claro que no se trata de que los cánones del *868 Código de Ética Profesional constituyan una fuente de censura, ya que los abogados, como cualquier otro ciudadano, tienen el derecho constitucional a expresarse; pero ningún derecho es absoluto. Hay un límite de lo que un abogado puede legítimamente expresar. Ciertamente el comentario soez o grosero y la falta de respeto no tienen cabida en la administración de la justicia en nuestra jurisdicción.
No se conduce en forma digna y honorable, como tampoco actúa con el mayor respeto ni exalta el honor y la dignidad de su profesión, el abogado que así actúa y se expresa, situación que no estamos en disposición de tolerar.
En In re Barreto Ríos, 157 D.P.R. 352, 357 (2002), este Tribunal resolvió que el abogado allí querellado —al conducirse de manera irrespetuosa y poco profesional hacia el personal de la Secretaría del Tribunal de Primera Instancia— violó las disposiciones de los Cánones 9 y 38 del Código de Ética Profesional, supra. Al así resolver, expresamos, en lo pertinente, que:
La función que llevan a cabo los funcionarios de las Secretarías en las distintas Salas de los Tribunales de Primera Instancia, resulta ser indispensable para la buena administración de la justicia. Es por ello que, aun cuando no desempeñan una labor judicial, entendemos que el personal de la Secretaría General de los Tribunales merece igual respeto que los otros funcionarios de la Rama Judicial. (Enfasis suplido.)
Igual conclusión y determinación se impone en el presente caso. Coincidimos con el Procurador General en lo siguiente:
Aunque en su contestación el abogado [Rodríguez Rivera] manifestó arrepentimiento por su comentario; no se nos escapa el hecho de que, de manera soslayada, pretende hacernos creer que la grosera interpretación a lo que llama inconsecuente e inocente comentario estuvo en la mente de la señora Rosado Rodríguez y no en la suya.
Diferimos. El comentario del abogado, dicho a destiempo y a una persona que se había comunicado con él para fines oficia *869 les del tribunal y a quien no le unen íntimos lazos de amistad y camaradería, tenía y tiene un solo significado y contestación. La señora Rosado Rodríguez lo entendió tal como había que entenderlo. Y como tal, se sintió ofendida y molesta. (Enfasis suplido.) Informe del Procurador General, pág. 5.
En vista de lo antes expresado, determinamos que el Ledo. José Rodríguez Rivera violó las disposiciones de los Cánones 9 y 38 del Código de Etica Profesional, supra. Teniendo en cuenta su historial profesional —el cual el Procurador General cataloga de “inmaculado”— consideramos procedente decretar la suspensión inmediata del referido abogado del ejercicio de la abogacía y de la notaría en nuestra jurisdicción por el término de tres meses.

Se dictará sentencia de conformidad.

 En vista de lo expresado, realmente resulta innecesario —y una pérdida de tiempo y de recursos— ordenar la presentación de una querella por violación a los Cánones 9 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y dilucidar el asunto ante un Comisionado Especial.
Repetimos, las manifestaciones que se le imputan al licenciado Rodríguez Rivera no están en controversia. En cuanto al licenciado Rodríguez Rivera —más allá de repetir que no tuvo intención alguna de ofender a la señora Rosado Rodríguez— es muy poco, si algo más, lo que puede aducir dicho abogado. Es correcto que podría éste presentar prueba de buena reputación. Ello es innecesario, ya que en su informe el Procurador General acepta que éste goza de buena reputación.