EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Juan José Bernal Sánchez | 2017 TSPR 117 <br><br> 198 DPR ____ |

Número del Caso: TS-5435


Fecha:   22 de junio de 2017


Abogada del peticionario:

        Lcda. Cynthia Iglesias Quiñones


Materia:   Resolución del Tribunal con Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Juan José Bernal Sánchez

TS-5435

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de junio de 2017.

Examinada la *Solicitud de reconsideración y segunda moción urgente de reinstalación al ejercicio de la abogacía* presentada por la Lcda. Cynthia Iglesias Quiñones en representación del Sr. Juan José Bernal Sánchez, se provee **no ha lugar**.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión: "Al igual que la Comisión de Reputación, no tengo duda de que el Sr. Juan José Bernal Sánchez está rehabilitado. No tengo base para cuestionar eso. No obstante, eso no es suficiente para reinstalar su licencia de abogado. Mi punto de vista es este: Igual que no dejaría que un pedófilo trabaje con niños aunque esté rehabilitado y haya cumplido su condena tampoco dejaría a un narcotraficante tener una licencia de abogado, aunque esté rehabilitado y haya cumplido su condena. Creo que como ciudadano el señor Bernal Sánchez puede hacer muchas cosas pero no debe dedicarse a trabajar en el sistema de justicia que una vez laceró profundamente".

La Jueza Presidenta Oronoz Rodríguez reconsideraría y emitió un voto particular disidente. El Juez Asociado señor Kolthoff Caraballo reconsideraría. El Juez Asociado señor Colón Pérez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan José Bernal Sánchez                    TS-5,435

Voto particular disidente emitido por la Jueza Presidenta ORONOZ
RODRÍGUEZ

En San Juan, Puerto Rico, a 22 de junio de 2017.

> *Ante la ley hay un guardián. Un campesino se presenta frente a este guardián, y solicita que le permita entrar en la Ley. Pero el guardián contesta que por ahora no puede dejarlo entrar. El hombre reflexiona y pregunta si más tarde lo dejarán entrar.*
>
> *-Tal vez- dice el centinela -pero no por ahora.*
>
> Franz Kafka, "Ante la ley"

Juan José Bernal Sánchez, quien hace trece años fuera suspendido de la profesión legal tras ser sentenciado en el foro federal por delitos graves, comparece ante este Tribunal y solicita ser reinstalado al ejercicio de la abogacía. Hizo igual solicitud el 6 de diciembre de 2013, cuando este Tribunal remitió su pedido a la Comisión de Reputación

para el Ejercicio de la Abogacía.[1] Luego de las investigaciones correspondientes, la Comisión de Reputación y la Oficina del Procurador General comparecieron ante este Tribunal y recomendaron que se readmitiera al peticionario a la profesión. Fue entonces que el señor Bernal Sánchez solicitó que, en virtud de esas recomendaciones y de nuestra jurisprudencia previa, le reinstaláramos al ejercicio de la abogacía. Denegamos su solicitud.

Ante nuestra denegatoria, el peticionario solicitó reconsideración.[2] El 8 de junio de 2017, una mayoría de este Tribunal proveyó no ha lugar a su pedido.[3] Bernal Sánchez comparece una vez más e implora a este Tribunal que, en consideración a los informes favorables de la Comisión de Reputación y la Oficina del Procurador General, así como el cumplimiento con los requisitos establecidos en In re Figueroa Vivas, 182 DPR 347 (2011), declaremos con lugar su reinstalación. Aduce también que el escueto "no ha lugar" provisto por este Tribunal dificulta la defensa de su solicitud pues le deja desprovisto de las razones por las cuales este foro rechaza los hallazgos y recomendaciones ante nuestra consideración. Comparto la posición del peticionario y, dado que no hallo motivo para

---

[1] Resolución del 6 de diciembre de 2013 (refiriendo la *Solicitud de Readmisión al Ejercicio de la Abogacía* a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía)(la Juez Asociada señora Rodríguez Rodríguez y los Jueces Asociados señores Martínez Torres, Rivera García y Feliberti Cintrón proveerían no ha lugar).

[2] Resolución del 12 de mayo de 2017 (proveyendo no ha lugar a la solicitud de reinstalación luego de examinados los informes de la Comisión de Reputación y la Oficina del Procurador General).

[3] Resolución del 8 de junio de 2017 (la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo reinstalarían al Sr. Juan José Bernal Sánchez al ejercicio de la abogacía).

distanciarme de los informes rendidos en favor de su reinstalación, concedería su solicitud.

El señor Bernal Sánchez cometió unas faltas graves al conspirar para distribuir sustancias controladas y utilizar armas de fuego en la comisión de un delito vinculado al tráfico de sustancias controladas. In re Bernal Sánchez, 160 DPR 286 (2003). Nadie, ni siquiera el propio Bernal Sánchez, niega ese hecho ni sus consecuencias para su vida personal y profesional. Esas implicaciones ya fueron adjudicadas en el procedimiento penal que conllevó que Bernal Sánchez fuera sentenciado a 10 años de cárcel y que, en el procedimiento disciplinario, implicó también su suspensión indefinida de la profesión. Ahora, la interrogante que nos plantea el peticionario es si ese error grave debe dictar el resto de su vida y, cual "carimbo imborrable", supeditarle de por vida a "ser juzgado en función de su grave error".[4]

Situaciones de esta índole deben atenderse mediante un balance fino de intereses y criterios. Entre estos, debe estar presente el supuesto importante de la rehabilitación de la persona y su aptitud para desenvolverse en la libre comunidad y ejercer sus facultades ciudadanas. En cuanto a la abogacía se refiere, más allá de la rehabilitación personal resulta imprescindible la confianza que a este Tribunal le inspiren las cualidades éticas de la persona para desempeñar responsablemente una profesión tan

---

[4] *Solicitud de Reconsideración y Segunda Moción Urgente de Reinstalación al Ejercicio de la Abogacía*, pág. 4.

revestida de interés público. Esto pues, en el fondo, la médula del proceso disciplinario no es penalizar a los abogados por sus actos, sino proteger a la comunidad de aquellos profesionales incapaces de desempeñarse con la dignidad y el honor debido. In re Barreto Ríos, 157 DPR 352, 356 (2002).

Si bien una convicción penal tan seria como la que enfrentó el señor Bernal Sánchez nos llevó a concluir que éste no estaba a la altura moral requerida para ejercer la abogacía, solo en ciertos casos estaría inclinada a asumir esa postura irreversiblemente. Por el contrario, en un caso como éste, en el que el peticionario demostró que atravesó un proceso serio de crecimiento personal y cuenta actualmente con un aval amplio a su buena reputación, me veo conmovida a reconocer que merece una segunda oportunidad para integrarse a la comunidad jurídica.[5] Ante la prueba documental y oral vertida, así como las recomendaciones de la Comisión de Reputación y de la Oficina del Procurador General,[6] opino que lo contrario

---

[5] "[L]a cuestión a considerar no es si el peticionario ha sido castigado suficientemente, sino si en el momento de la solicitud goza de tal reputación que se justifica permitirle de nuevo que ejerza la profesión. En otras palabras, lo importante es la integridad moral del peticionario en la actualidad". In re Figueroa Vivas, supra, pág. 356.

[6] Véase Informe de la Comisión de Reputación para el Ejercicio de la Abogacía, pág. 25 (donde la Comisión de Reputación enumera todos los criterios adoptados en In re Figueroa Vivas, supra, para readmitir a un abogado y concluye: "Analizada la prueba del Peticionario, a juicio de esta comisión, éste se ha rehabilitado y hoy día goza del carácter, reputación, integridad, honestidad y conocimientos que lo habilitan para ejercer la abogacía. Consecuentemente esta Comisión respetuosamente recomienda al Honorable Tribunal Supremo de Puerto Rico que admita al Peticionario al ejercicio de la profesión de la abogacía"). Véase también Informe sobre Petición de Reinstalación, pág. 10 (donde la Oficina del Procurador General concluye: "Al sopesar y evaluar todos los factores mencionados, expresamos nuestra anuencia a que el señor Juan José Bernal Sánchez sea readmitido al ejercicio de

sería exhibir un purismo judicial extremo, ajeno a esa falibilidad inherente a la condición humana y reticente a su capacidad igualmente inherente de enmendar los errores del pasado.

Por otro lado, me preocupa el silencio que guarda la mayoría al emitir su dictamen. Esto, considerando particularmente que mediante la resolución del 6 de diciembre de 2013 el caso del peticionario fue referido a la Comisión de Reputación y los informes generados en ese proceso le fueron favorables. Es decir, una mayoría opta por distanciarse de las conclusiones de la Comisión sin comunicarle al peticionario las razones de ese distanciamiento. En estas circunstancias, no me parece que esa constituya la mejor práctica judicial, dado que el peticionario queda relegado a un proceso poco justo e insensible, que podría incluso denominarse como *kafkiano*:

---

la abogacía"). Entre la prueba vista por la Comisión y presentada por el peticionario ante este Tribunal, obran unos cinco testimonios (Lcdo. José Miguel Sagardía Pérez, Lcdo. Rafael Torres Torres, Lcdo. José Antonio Ralat Pérez, Sr. José Almeida Medero y el propio peticionario) y más de veinte cartas de abogados y familiares acreditando las cualidades morales y profesionales de éste para ejercer la abogacía. Además de esto, el peticionario acreditó estar enterado del desarrollo del derecho puertorriqueño y haber tomado un curso de reválida en julio de 2013.

*Allí espera [el campesino] días y años. Intenta infinitas veces entrar [en la Ley] y fatiga al guardián con sus súplicas. Con frecuencia el guardián conversa brevemente con él, le hace preguntas sobre su país y sobre muchas otras cosas; pero son preguntas indiferentes, como las de los grandes señores, y, finalmente siempre le repite que no puede dejarlo entrar.*[7]

Allí espera [el señor Bernal Sánchez] días y años. Intenta infinitas veces [su readmisión a la profesión] y fatiga [al Tribunal] con sus súplicas. Con frecuencia [la Curia] conversa brevemente con él [mediante resoluciones], le hace preguntas [en comisiones] sobre su [persona] y sobre muchas otras cosas; pero son preguntas indiferentes, como las de los grandes señores, [porque] finalmente siempre le [provee no ha lugar].

Sr. Juan José Bernal Sánchez: examiné sus mociones de reconsideración y opino que cuenta con las cualidades necesarias y la reputación adecuada para, hoy por hoy, ejercer cabalmente la profesión jurídica. Una vez más, sepa que -a mi entender- se le debe reinstalar al ejercicio de la abogacía cuanto antes.

Disiento respetuosamente de los distinguidos colegas de este Honorable Tribunal que sostienen lo contrario. Excusen, por favor, mi optimismo y mi fe en la naturaleza humana.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[7] Franz Kafka, "Ante la ley".