*In re* Otto H. Currás Ortiz, querellado.

*Número:* CP-95-6          *Resuelto:* 13 de agosto de 1996

*Harry Anduze Montaño*, Presidente del Colegio de Abogados de Puerto Rico, querellante; *Otto H. Currás Ortiz, pro se.*

I

PER CURIAM: En 1987, el Lcdo. Otto H. Currás Ortiz compareció como peticionario ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, en un procedimiento *ex-parte* sobre declaratoria de herederos, y obtuvo de ese foro una resolución mediante la cual se le declaraba único y universal heredero de su tío fallecido, Miguel Ortiz Marrero. Posteriormente, con arreglo a tal declaración, Currás Ortiz retiró e hizo suyos los fondos depositados en una cuenta bancaria de su tío, que ascendían a $48,366.59.

Años más tarde, en enero y febrero de 1992, la esposa y las dos (2) hijas del fallecido Miguel Ortiz Marrero, quienes residían en los estados de Nueva Jersey y Carolina del Sur, presentaron sendas quejas ante el Colegio de Abogados de Puerto Rico contra Currás Ortiz. Adujeron, en esencia, que

ellas eran las legítimas herederas de Ortiz Marrero; que aunque no conocían personalmente a su primo Currás Ortiz, sabían quién era éste; que Currás Ortiz conocía que su tío fallecido se había casado en Estados Unidos y que tenía dos hijas allá; que Ortiz Marrero tenía otros hermanos y familiares en Puerto Rico; que la declaratoria de herederos a favor de Currás Ortiz se había obtenido a base de información falsa, y que éste había engañado al tribunal que la emitió.

El 28 de julio de 1995, luego de la investigación y los procedimientos de rigor, el Colegio de Abogados presentó formalmente ante nos una querella contra el licenciado Currás Ortiz. Se imputaba en dicha querella que Currás Ortiz, a sabiendas, había presentado prueba falsa al Tribunal Superior con el propósito de defraudar a otros herederos de Miguel Ortiz Marrero y apropiarse así, ilícitamente, del caudal hereditario. Se concluía en la referida querella que Currás Ortiz violó los Cánones 5, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Luego de varios trámites y demoras, al fin Currás Ortiz contestó la querella en su contra el 14 de junio de 1996. En esencia, alegó que a la fecha en que promovió la declaratoria de herederos aludida, desconocía que su tío hubiese dejado descendientes legítimos. Admitió que a esa fecha existían otros parientes colaterales con derechos hereditarios respecto al caudal en cuestión *y que no le informó ese hecho al tribunal*, pero argumentó que ello no había perjudicado a estos otros parientes, ya que ellos no tenían interés en la herencia en cuestión y le habían dado "consentimiento tácito" para actuar como lo hizo. Acompañó como prueba de lo anterior una declaración jurada de uno de los otros parientes aludidos, una sobrina de Ortiz Marrero, prestada el 3 de abril de 1993 para fines de la queja contra Currás Ortiz, en la que ésta aseveró que no conocía que su tío tuviera hijas y que no tenía interés en los fondos que dejó su tío.

El querellado, en su contestación, suplicó que este Tribunal fuese leniente, y dejó sometido su caso.

## II

■ En este caso el querellado, por admisión propia, le mintió al foro judicial que consideró su petición de declaratoria de herederos. Expuso, bajo juramento, que él era el *único* heredero del causante, aunque ello no era cierto. Tal conducta evidentemente constituyó una actuación seriamente contraria a lo que se espera de un funcionario del tribunal. Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse *siempre* con integridad ante los foros judiciales. El abogado que promueve prueba falsa ante un tribunal, falta gravemente a esa obligación de actuar con integridad en ese foro, aunque haya comparecido a éste sólo como parte en un procedimiento judicial. Como señalamos en *In re Ramos y Ferrer*, 115 D.P.R. 409, 412 (1984), "[l]a mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Etica Profesional exige de todo abogado". No fue compatible la actuación del querellado con el mandato del Canon 35 del Código de Ética Profesional, *supra*, de que la conducta de cualquier miembro de la profesión ante los tribunales debe ser sincera y honrada.

■ Tampoco fue compatible la actuación del querellado con el mandato del Canon 38 del Código de Ética Pnofesional, *supra*, de que "todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable". Pocas cosas socavan tanto la confianza pública en la profesión jurídica —y por ende la fe en la justicia— que el triste espectáculo de un

abogado que le miente al tribunal y presenta una prueba falsa para promover una causa propia.

Por las razones expuestas, *procede la suspensión inmediata de Currás Ortiz del ejercicio de la profesión jurídica y del notariado por un término mínimo de un año y hasta que este Tribunal disponga otra cosa.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Corrada Del Río está conforme, pero suspendería indefinidamente del ejercicio de la profesión al licenciado Currás Ortiz.