EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Calixto López González | 2007 TSPR 120

171 DPR _____ |

Número del Caso: CP-2003-18


Fecha: 11 de junio de 2007


Oficina del Procurador General:

Lcda. Cynthia Iglesias Quiñones
Procuradora General Auxiliar

Lcda. Miriam Soto Contreras
Procuradora General Auxiliar


Abogado de la Parte Querellada:

Lcdo. Iván Crespo Arroyo


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Calixto López González

CP-2003-18

PER CURIAM

San Juan, Puerto Rico, a 11 de junio de 2007.

El licenciado Calixto López González, en adelante licenciado López González, fue admitido al ejercicio de la abogacía el 18 de septiembre de 1987 y al ejercicio del notariado el 14 de enero de 1988.

Se presentó una querella contra éste, imputándole, entre otras cosas, haber expedido un cheque sin fondos con ánimo de defraudar.

Veamos los hechos que dieron pie al ejercicio de nuestra jurisdicción disciplinaria.

I

El 23 de marzo de 2001, la Cooperativa de Ahorro y Crédito de Quebradillas, en adelante la Cooperativa,

presentó en el Tribunal de Primera Instancia una demanda en cobro de dinero contra el licenciado López González.[1] Alegó, entre otras cosas, que para el 3 de septiembre de 1999, éste había realizado, **mediante cheque personal**, un pagó de $8,101.44 por concepto de un préstamo hipotecario que tenía su esposa con la Cooperativa. Indicó que, con posterioridad a la fecha de dicho pago, al intentar cobrar su acreencia, advino en conocimiento de que el referido cheque no tenía fondos suficientes. Indicó que notificó al licenciado López González de este asunto, pero que ninguna de sus gestiones extrajudiciales para cobrar su acreencia tuvo éxito. Intimó que, en vista de la falta de atención del licenciado López González a sus requerimientos, el 20 de enero de 2000, le envió una carta con acuse de recibo mediante la cual le requirió, una vez más, el pago de los $8,101.44. Indicó que el abogado en cuestión hizo caso omiso a su pedimento. Señaló que, luego de agotar sus recursos para hacer efectiva su acreencia, presentó una querella contra el licenciado López González en el cuartel de la Policía de Quebradillas. Finalmente, esgrimió que luego de ser citado por la Fiscalía de Arecibo, éste se comprometió con la Cooperativa en satisfacer la referida deuda hipotecaria.

Luego de ser debidamente emplazado, el licenciado López González no contestó la demanda, por lo que se le anotó la rebeldía. Después de celebrado juicio en

---

[1] Civil Núm. AICI-2001-00544.

rebeldía, el Tribunal de Primera Instancia declaró Con Lugar la demanda interpuesta por la Cooperativa, condenando al abogado al pago de los $8.101.44, los intereses acumulados al seis por ciento (6%), las costas y gastos del proceso, así como $800 por concepto de honorarios de abogado. De conformidad con el Canon IV de Ética Judicial[2], el foro primario ordenó se nos notificara de la Sentencia recaída en contra del licenciado López González.

El 10 de mayo de 2002, emitimos una Resolución remitiendo la referida Sentencia al Procurador General para investigación e informe.

El 9 de abril de 2003, el Procurador General emitió un informe en el que concluyó que el licenciado López González había infringido los Cánones 35 y 38 de Ética Profesional.[3] Sostuvo su conclusión, entre otras cosas, en que la conducta de dicho abogado no había sido sincera, por cuanto éste conocía o debía haber conocido que la cuenta bancaria, de la que se emitió el referido cheque personal, no tenía fondos suficientes. Señaló, como agravante, que luego de haberse comprometido con la Fiscalía y con la Cooperativa en realizar el pago de la deuda hipotecaria, el abogado en cuestión había incumplido. Finalmente, esgrimió que dicho letrado había tenido tiempo suficiente para corregir sus actuaciones, sin así hacerlo.

El 5 de junio de 2003, el licenciado López González presentó su contestación al informe. Indicó, entre otras

---

[2] 4 L.P.R.A. Ap. IV-A C. IV.

cosas, que para la fecha en que realizó el pago mediante cheque, esto es el 3 de septiembre de 1999, había pagado $42,000 a la Cooperativa por concepto de otra deuda hipotecaria que tenía con ésta. Puntualizó que comenzó a realizar gestiones conducentes a pagar la cantidad consignada en el cheque personal carente de fondos, pero que para el mes de octubre de 1999, esto es, un mes después de ser notificado de la insuficiencia de fondos del referido cheque, su padre sufrió un derrame cerebral, falleciendo un mes después. Que esta situación perjudicó seriamente su práctica profesional y que, a pesar de haber realizado múltiples gestiones para satisfacer la cantidad adeudada a la Cooperativa no había podido reunir el dinero. Señaló que no contestó la demanda porque los hechos allí alegados eran ciertos y que los actos consignados en el informe del Procurador no estaban reñidos con la práctica de la profesión. Solicitó el archivo de la queja.

El 23 de junio de 2003, emitimos una Resolución instruyendo al Procurador General a que radicara una querella contra el licenciado López González.

El 13 de noviembre de 2003, el Procurador General presentó querella contra el abogado de epígrafe mediante la cual le imputó los cargos siguientes:

**CARGO I**

---

[3] 4 L.P.R.A. Ap. IX, C. 35 y 38.

> **El Lcdo. Calixto López González incurrió en conducta profesional en violación al Canon 38 del Código de Ética Profesional, *supra*, que impone el deber de exaltar el honor tanto en la vida privada como en el desempeño de la misma.**

> **CARGO II**

> **El Lcdo. Calixto López González incurrió en conducta en violación al Canon 35 del Código de Ética Profesional, *supra*, que impone el deber de sinceridad en todas las facetas de la vida del abogado.**

El 28 de enero de 2004, el abogado de epígrafe presentó su contestación a la querella. Esbozó, entre otras cosas, que los hechos sobre el cual versaban los cargos presentados no estaban relacionados con sus funciones propias de abogado, ni se trataba de un acto de negocio común de trascendencia jurídica, sino más bien uno realizado en su faceta de ciudadano común, tendente a saldar una deuda personal. Negó haber violado los Cánones 35 y 38 de Ética Profesional, *supra*, ya que, a su entender, en todo momento se esforzó al máximo de su capacidad por exaltar la profesión de la abogacía. Intimó que en todas las profesiones, incluyendo la profesión de abogado, existen personas que, en algún momento de sus vidas y por razones fuera de su control, se ven incapacitadas de cumplir con sus responsabilidades económicas. Arguyó, además, que aunque era cierto que el cheque emitido no tenía fondos cuando se pretendió hacer efectivo, no significaba que no los tuviera cuando fue girado a favor de la Cooperativa. El querellado expuso que su práctica

profesional se había afectado gravemente después del fallecimiento de su padre, razón por la cual había tenido que acogerse a un procedimiento de quiebra en el Tribunal Federal para el Distrito de Puerto Rico.[4] Finalmente, planteó que desaforar a un abogado por no poder pagar sus cuentas personales equivaldría a ignorar la realidad económica por la que atraviesa Puerto Rico.

El 28 de abril de 2004, designamos Comisionada Especial a la licenciada Ygrí Rivera de Martínez para recibir y evaluar la prueba a ser presentada por las partes.

Luego de varias incidencias procesales, el 31 de julio de 2006, la Comisionada Especial rindió un informe mediante el cual concluyó que el querellado había infringido los Cánones de Ética reseñados por el Procurador General. Concluyó que el licenciado López González infringió el Canon 38, *supra*, toda vez que actuó con indiferencia ante las múltiples solicitudes que le hiciera la Cooperativa para que realizara el pago de los $8.101.44. Reseñó, además, que el querellado incumplió en pagar la deuda hipotecaria después de haberse comprometido al pago con la Fiscalía de Arecibo. Intimó que, al querellado no contestar la demanda interpuesta en su contra ni comparecer a la vista en rebeldía, la Cooperativa tuvo que incurrir en gastos extraordinarios para poder cobrar su acreencia. Concluyó que el querellado pudo haber sido más diligente en

---

[4] Surge del expediente que el foro federal desestimó la

su proceder, aun con los problemas económicos por los que atravesaba.

En cuanto al segundo cargo imputado, relativo al Canon 35, *supra*, la Comisionada Especial puntualizó que el abogado en cuestión demostró poca sinceridad para con la Cooperativa al pretender saldar una deuda con un cheque que no tenía fondos. Concluyó que el licenciado López González no fue sincero al comprometerse con el Ministerio Público en reponer la cantidad del cheque sin fondos, evitando así un proceso penal en su contra. Indicó que, aun cuando el abogado en cuestión desconociera que el cheque emitido carecía de fondos suficientes, desatendió los requerimientos de la Cooperativa en múltiples ocasiones, causando así que ésta tuviera que recurrir a la presentación de una acción judicial.

Por otra parte, la Comisionada Especial indicó, como circunstancias atenuantes, que en diez y nueve años (19) de práctica profesional era la primera vez que el abogado de epígrafe se enfrentaba a una acción disciplinaria. De igual manera, esgrimió que poco tiempo después de que ocurrieran los hechos que dan pie a la acción de marras, el querellado se vio afectado emocional y económicamente tras el fallecimiento de su padre como consecuencia de un derrame cerebral. Finalmente, puntualizó que el licenciado López González es una persona que goza de una buena reputación entre los miembros de la profesión.

---

petición de quiebra presentada por el querellado.

Con el beneficio de la discusión que antecede, procede resolver el procedimiento disciplinario que nos ocupa. Veamos.

## II

Procede discutir, en primer término, el cargo que le imputa al querellado haber infringido el Canon 35 del Código de Ética Profesional, *supra*.

El Canon 35, referente a la sinceridad y honradez que deben desplegar los miembros de la profesión jurídica, dispone, en lo que nos atañe, de la manera siguiente:

> La conducta de cualquier miembro de la profesión legal **ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada**.
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.

Este Foro se ha expresado extensamente sobre la aplicación de dicho Canon a ciertas conductas desplegadas por miembros de la profesión que estamos obligados a custodiar. Hemos expresado que el Canon 35 exige primeramente que la conducta de todo miembro de la profesión, ante los tribunales, debe ser sincera y honrada. Esto en virtud de que todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante

los foros judiciales.[5] Por razón de la confianza en él
depositada, como miembro de la ilustre profesión legal,
todo abogado, tanto en la vida privada como en el desempeño
de su profesión debe conducirse de forma digna y honorable.[6]

Si bien hemos indicado que el referido Canon aplica en
situaciones propias de la vida privada del abogado, que no
están relacionadas con sus actuaciones como jurista, hemos
manifestado que el poder para disciplinar bajo el Canon 35,
*supra*, no es irrestricto ni debe ser ejercitado como si
fuéramos verdugos de nuestra clase togada.[7]
Aun cuando en innumerables ocasiones este Tribunal se ha
expresado en torno a la necesidad de que todo miembro de la
clase togada despliegue una conducta que exalte el honor y
la dignidad de su profesión, siempre hemos sido enfáticos
al señalar que **no nos incumbe cualquier tipo de conducta
privada del abogado, sino sólo aquella que le hace indigno
de pertenecer al foro**.[8] Al enfrentarnos a un procedimiento
disciplinario, es **necesario e indispensable que nos
preguntemos si la conducta que se le imputa al abogado
verdaderamente le hace indigno de pertenecer al foro**.[9]

---

[5] *In re*: Montañez Miranda, 157 D.P.R. 275 (2002), citando a
*In re*: Currás Ortiz, 141 D.P.R. 399 (1996).

[6] *In re*: Irizarry, González, 151 D.P.R. 916 (2000).

[7] *In re*: Vélez Lugo, 2004 T.S.P.R. 135, 2004 J.T.S. 140, 162
D.P.R.__ (2004).

[8] *Íd*, citando a *In re*: Sepúlveda, Casiano, 155 D.P.R. 193
(2001); *In re*: Ramírez Ferrer, 147 D.P.R. 607 (1999).

[9] *Íd*.

Luego de un examen minucioso y objetivo de los hechos de este caso concluimos que el querellado no infringió el Canon 35 del Código de Ética Profesional, *supra*. Veamos. Surge de la relación fáctica que antecede que el querellado expidió un cheque personal, que luego resultó no tener fondos, en gestiones de su vida privada **no relacionadas a su práctica profesional**. La deuda hipotecaria que el querellado pretendió saldar con el referido cheque era una incurrida por éste en calidad de cliente de la Cooperativa. Cabe destacar que no surge del expediente que al momento de emitir el cheque el querellado haya tenido la intención de defraudar a la Cooperativa o de que conociera que su cuenta bancaria no tenía fondos suficientes para saldar la deuda, máxime cuando en esa misma fecha, esto es el 3 de septiembre de 1999, pagó a la Cooperativa, mediante cheque, alrededor de $10,000 por concepto de la deuda hipotecaria de su esposa. Por otra parte, conviene destacar que del expediente surge que fue la propia Cooperativa quien **canceló y le entregó al querellado el pagaré original que evidenciaba la deuda hipotecaria antes de intentar cobrar el cheque por los $8,101.44**. Dicha actuación presumiblemente obedeció a la buena relación comercial que existía entre ambos. Asimismo, es de significativa importancia destacar que en ningún momento se presentó denuncia penal, o de otra forma cargos criminales contra el querellado. No hay evidencia en el expediente para concluir que el abogado de epígrafe no fue sincero con los

tribunales o, de otra forma, con sus compañeros abogados. Tampoco surge que éste haya tenido la intención o el ánimo de cometer fraude contra la Cooperativa al expedir el cheque personal por los $8,101.44.

A tenor con la discusión que antecede concluimos que el querellado no violentó el Canon 35 del Código de Ética Profesional, *supra*.

Por otro lado, el Canon 38 del Código de Ética Profesional, *supra*, preceptúa, en lo aquí pertinente, de la forma siguiente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacía la consecución de una mejor administración de la justicia…
> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, **tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable**. (Énfasis suplido).

Al interpretar el antedicho Canon, hemos expresado que no existe dicotomía alguna entre la vida cotidiana del ciudadano que es abogado y el ejercicio de su profesión debido a que los Cánones de Ética Profesional se aplican tanto a la vida privada como profesional de un abogado. Las responsabilidades éticas de los miembros de la profesión de abogado no tienen un horario de trabajo.

Ahora bien, **no nos incumbe cualquier tipo de conducta privada del abogado**.[10]

De igual manera, hemos sostenido que los procedimientos disciplinarios no tienen como fin castigar al querellado por la falta cometida, sino más bien proteger a la comunidad y a la profesión mediante una investigación de sus condiciones morales para determinar si puede continuar en la práctica profesional.[11] No podemos ignorar el hecho de que al iniciar un procedimiento disciplinario el norte que en todo momento debe guiar a este Foro es el interés de proteger la comunidad y la profesión en general. En todos los casos en que este Tribunal ha ejercitado su poder inherente para disciplinar a un abogado por **conducta privada impropia** hemos analizado los hechos particulares de cada caso para determinar si la conducta imputada afecta las condicionas morales del querellado.[12]

Surge de la relación fáctica que antecede que, aun cuando la conducta desplegada por el querellado, en trámites de su vida privada, podría interpretarse como una reprochable, la misma no atenta contra la comunidad o con la profesión en general. Surge del expediente, además, que para la fecha en que el querellado expidió el cheque por los $8,101.44, la Cooperativa había cobrado, por otros medios, entre éstos un cheque por $9,900, alrededor de

---

[10] *In re*: Sepúlveda, Casiano, *supra*.

[11] *In re*: Barreto Ríos, 157 D.P.R. 352 (2002).

[12] *In re*: Vélez Lugo, *supra*.

$30,000, por concepto de la deuda hipotecaria que la esposa del querellado tenía con ésta. Esto, a nuestro entender, propició que la propia Cooperativa le entregara al letrado el <u>pagaré cancelado</u> que evidenciaba la deuda aquí en controversia.

Asimismo, debemos tomar en consideración que un (1) mes después de que el licenciado López González emitiera el cheque personal en cuestión, su padre sufrió un derrame cerebral que le ocasionó la muerte en noviembre de 1999, afectando seriamente su estado emocional, su práctica profesional y su economía en general. Resulta forzoso concluir que dicho evento afectó sus gestiones para pagarle la cantidad adeudada a la Cooperativa.

Finalmente, debemos recalcar que nuestra función disciplinaria no puede operar ciegamente o en el vacío, ni estar ajena a las circunstancias particulares y personales que afectan el rendimiento profesional de los miembros de la clase togada. Esto, claro está, es una determinación que se hace evaluando los méritos de cada caso.

Así como este Foro es responsable de velar porque los letrados cumplan con los Cánones de Ética Profesional, también es responsable de que, luego de superar eventos lamentables en la vida privada de los abogados, éstos retomen su práctica de forma cabal y satisfactoria.

Surge del expediente que en diez y nueve (19) años de práctica profesional, la presente constituye la primera vez que el querellado se enfrenta a un proceso disciplinario.

Encontrarlo incurso en conducta violatoria de los Cánones de Ética Profesional, por actos de <u>su vida privada</u>, no tendría el efecto de proteger a la comunidad o de otra forma, proteger a la clase togada. La conducta del querellado no es una que lo haga indigno de pertenece al foro.

### III

En virtud de lo antes expuesto, somos del criterio que en el presente caso la conducta del licenciado López González en su vida personal, aunque reprochable, ciertamente no lo hace indigno de ejercer la profesión legal en nuestra jurisdicción. Concluir lo contrario tendría el efecto, tal como concluyéramos en *In re:* Vélez <u>Lugo</u>, *supra*, de ampliar excesivamente el alcance de los postulados contenidos en los Cánones 35 y 38 de Ética Profesional, *supra*. Ordenamos el archivo de la querella presentada contra el licenciado López González.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Calixto López González

CP-2003-18

SENTENCIA

San Juan, Puerto Rico, a 11 de junio de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, procede archivar la querella presentada contra el licenciado Calixto López González

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disiente con opinión escrita. El Juez Asociado señor Rebollo López disiente sin opinión.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Calixto A. López González            CP-2003-18

Opinión Disidente emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 11 de junio de 2007.

Disentimos de la Opinión del Tribunal que resuelve archivar la querella presentada contra el licenciado Calixto López González (en adelante, López González) tras concluir que su conducta, aunque inadecuada, no lo hace indigno de pertenecer al foro. Por entender que la actuación del López González de expedir un cheque sin fondos e ignorar varios requerimientos de pago cursados por el creedor podría configurar una actuación delictiva[13]

[13] Del Informe del Comisionado Especial designado al caso se desprende que en la sentencia del 5 de marzo de 2002, caso civil número A1CI200100544, sobre cobro de dinero contra López González, se manifestó que las actuaciones de López González fueron contrarias a las disposiciones penales de Puerto Rico.

y, además, denota irresponsabilidad y desidia, no podemos suscribir la Opinión del Tribunal. Sostenemos que este tipo de conducta, capaz de desembocar en una convicción criminal, debe ser sancionada por este Foro.

I.

La conducta de López González tuvo lugar en el ámbito de su vida privada. No obstante, ello no significa que este Tribunal esté impedido de sancionarlo por violación a los postulados éticos que rigen la profesión. Hemos resuelto que no existe dicotomía alguna entre la vida cotidiana del abogado y el ejercicio de su profesión. *In re Sepúlveda Girón*, 155 D.P.R. 345 (2001). Por ende, un abogado debe conducirse en su vida privada conforme a los principios que emanan del Código de Ética Profesional.

Ahora bien, no nos incumbe cualquier tipo de conducta privada del abogado, sino aquella que lo haga indigno de pertenecer al foro o que afecte sus cualidades morales. *Id.; Colegio de Abogados v. Barney*, 109 D.P.R. 845 (1980).

Aclarada nuestra facultad para sancionar a un abogado por actuaciones cometidas en su vida privada, pasemos a examinar los cánones que le fueron imputados a López González.

II.

El Canon 35 de Ética Profesional, 4 L.P.R.A. *Ap. IX, C.35,* que requiere sinceridad y honradez en las

actuaciones del abogado ante los tribunales y para con sus clientes, se extiende a la vida privada del abogado. Dicho deber se exige en aras de preservar el honor y la dignidad de la profesión, ya que el compromiso de un abogado con la verdad debe ser siempre incondicional. *In re Fernández de Ruiz*, res. 21 de abril de 2006, 2006 T.S.P.R. 73. Reiteramos que la verdad es un atributo inseparable del ser abogado y, sin ésta, la profesión jurídica no podría justificar su existencia. *In re Martínez y Odell*, 148 D.P.R. 636 (1999). Tal deber se infringe con el simple hecho de faltar a la verdad, independiente de los motivos que tenga el abogado. *In re Astacio Caraballo*, 149 D.P.R. 790 (1999).

Por otro lado, el Canon 38, 4 L.P.R.A., Ap. IX, impone el deber de exaltar el honor y dignidad de la profesión[14]. Como mencionamos anteriormente, dicho deber también se extiende a la vida privada. Ello es así toda vez que el abogado es un espejo que refleja la imagen de la profesión y, por ende, debe actuar en todas sus facetas con el más escrupuloso sentido de responsabilidad

---

[14] Dicho canon dispone lo siguiente:

El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y la dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. […]

Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. […]

que impone la función social que ejerce. *In re Quiñónez Ayala*, res. el 30 de junio de 2005, 2005 T.S.P.R. 99. Así, exigimos de los abogados una conducta superior a lo establecido en los cánones de ética profesional con el fin de que sean reflejo del más alto calibre de excelencia humana. *In re Nogueras Cartagena*, res. el 28 de marzo de 2000, 2000 T.S.P.R. 55. Cónsono con lo anterior, el Canon 38, *supra*, requiere evitar hasta la apariencia de conducta impropia. *In re Vega Morales*, res. el 17 de marzo de 2006, 2006 T.S.P.R. 55.

Por último, es norma reiterada que le corresponde al Comisionado Especial recibir la prueba y dirimir la evidencia conflictiva. *In re Morales Soto*, 134 D.P.R. 1012 (1994). En dicha función, el Comisionado Especial desempeña un deber similar al juzgador de instancia y está en mejor posición para aquilatar la prueba testifical. Por consiguiente, sus determinaciones fácticas merecen nuestra deferencia. *In re Soto López*, 135 D.P.R. 642 (1994). Conforme lo anterior, aunque este Tribunal no está obligado a aceptar el informe de un Comisionado Especial, de ordinario sostenemos sus conclusiones de hecho de un Comisionado Especial salvo que se demuestre prejuicio, parcialidad o error manifiesto. *In re Morell Corrada, supra; In re Soto López, supra.*

III.

La Opinión mayoritaria del Tribunal, descartando el informe del Comisionado Especial asignado al caso, resuelve archivar la querella contra López González toda vez que –a su entender– su actuación no lo hace indigno de pertenecer al foro. Asimismo, concluye que imponer sanciones en un caso como éste sería ampliar excesivamente el alcance de los cánones 35 y 38 del Código de Ética Profesional, *supra*. No estamos de acuerdo.

Entendemos que la conducta de López González de expedir un cheque sin fondos e ignorar varios requerimientos de pago podría configurar una actuación delictiva y, además, denota irresponsabilidad y desidia. Por consiguiente, no cabe duda que tal actuación se aparta de los postulados éticos que rigen la profesión.

Aclaramos que, en este caso, la conducta de López González no solo consistió en entregar un cheque sin fondos, sino en negarse a pagar la deuda luego de ser interpelado por la Cooperativa en varias ocasiones. De las determinaciones de hecho de la Comisionada Especial surge que la Cooperativa de Ahorro y Crédito de Quebradillas le cursó varios requerimientos de pago a López González. Asimismo, presentó una querella criminal ante el cuartel de la Policía de Puerto Rico. Fue en ese momento cuando López González se comprometió al pago de la deuda con el fin de evitar un proceso penal en su

contra. Finalmente, y como consecuencia de su reiterado incumplimiento, la Cooperativa presentó una demanda en cobro de dinero contra de López González. Éste nunca compareció a los tribunales.

A la luz de lo anterior, entendemos que la conducta de López González violentó los cánones 35 y 38 del Código de Ética Profesional, *supra*. En cuanto al Canon 38, *supra*, que prohíbe la apariencia de conducta impropia y obliga a la exaltación del honor y la dignidad, concluimos que resulta altamente impropio incurrir en una conducta que podría estar sujeta a sanciones penales. Entendemos que tal conducta lacera la imagen que tiene la ciudadanía de la profesión legal. Esto, claramente, pone en duda la condición moral de López González como abogado.

Por otro lado, López González no fue sincero cuando entregó un cheque sin fondos. Sobre este particular, acogemos las determinaciones de la Comisionada Especial en cuanto a que López González sabía o debía saber de este hecho[15]. Asimismo, faltó a su deber de honradez y sinceridad cuando incumplió con el compromiso asumido en el cuartel de la policía de pagar la deuda. Nos reiteramos en cuanto a que para configura una violación al Canon 35, *supra*, es suficiente con el simple hecho de faltar a la verdad.

---

[15] No podemos perder de vista que el cheque era por la cantidad de $8, 101.44

Finalmente, no vemos razón para apartarnos de las determinaciones de la Comisionada Especial en cuanto a que López González infringió los cánones 35 y 38 de Ética Profesional, *supra*. Reiteramos que las determinaciones y conclusiones del Comisionado Especial merecen nuestra deferencia. En su Informe, la Comisionada Especial concluyó que López González actuó con indiferencia ante las múltiples solicitudes que le hiciera la Cooperativa y demostró poca sinceridad al saldar una deuda con un cheque sin fondos suficientes. De igual forma, violentó el deber de sinceridad y honradez al no cumplir con el compromiso asumido con la Cooperativa y con la fiscalía de pagar la deuda.

Por los fundamentos expuestos, disentimos de la Opinión Mayoritaria toda vez que sancionaríamos a López González por infringir los Cánones 35 y 38 del Código de Ética Profesional, *supra*.


Federico Hernández Denton
Juez Presidente